Case 4:25-cv-00937   Document 11   Filed on 06/17/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
June 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE LLC, *Plaintiff*, | § § § § § § § § | Case No. 4:25-cv-937 |
| v. | | |
| APRIL MARIE PALERMO, *et al.*, *Defendants*. | | |

### JUDGE DENA PALERMO'S REPORT AND RECOMMENDATION[1]

Plaintiff filed a complaint, initiating this lawsuit on March 2, 2025, but has yet to serve any of the defendants. ECF No. 1. On May 30, 2025, eighty-nine days from the complaint's filing, Plaintiff asked the Court for an additional ninety days to serve the defendants. Noting that summons issued weeks prior and Plaintiff wholly failed to demonstrate good cause for any extension, the Court denied the additional ninety days and ordered Plaintiff to provide proof of service for the defendants by June 6, 2025. ECF No. 10. The Court cautioned Plaintiff that should it fail to provide proof of service by this date, the Court would recommend the action be dismissed pursuant to Rule 4(m). To date, Plaintiff has not complied with the Court's directives. Accordingly, the Court recommends that the case be dismissed under Federal Rule of Civil Procedure 4(m).

---

[1] The district judge to whom this case is assigned referred all pre-trial proceedings to the undersigned. Referral Order, ECF No. 4.

Federal Rule of Civil Procedure 4(m) sets out the requirements to serve a defendant after a complaint has been filed:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). "Under Rule 4(m), if a plaintiff fails to serve a defendant within that ninety-day period, the court may either dismiss the action without prejudice or direct that service be effected within a specified time." *Castro v. Collier*, No. CV H-19-2348, 2020 WL 2736592, at *2 (S.D. Tex. May 26, 2020) (citing *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996)). Before "entertain[ing] a motion to extend time for service, [the court] must first determine whether good cause exists" to do so. *Id.* (quoting *Thompson v. Brown,* 91 F.3d at 21). So long as good cause for the delay exists, "the [ ] court *must* extend time for service." *Thompson,* 91 F.3d at 21 (emphasis in original).

Plaintiff initiated this suit on March 2, 2025. ECF No. 1. Plaintiff failed to serve defendants within the ninety-day period as required by Rule 4(m) and also failed to comply with the Court's order to serve defendants by June 6, 2025. ECF No. 10. Plaintiff's motion for extension of time did not offer any explanation for the delay, much less good cause, and Plaintiff has made no attempt since the denial of that motion to clarify its reasons for delay. "Under the inherent powers necessarily

2

vested in a court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate." *Castro v. Collier*, No. CV H-19-2348, 2020 WL 2736592, at *2 (S.D. Tex. May 26, 2020) (citing Fed. R. Civ. P. 41(b); *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995); 8 James Wm. Moore et al., *Moore's Federal Practice* § 41.51(3)(b) & (e) (3d ed. 2017)). Therefore, under Rule 4(m) of the Federal Rules of Civil Procedure, the Court recommends dismissing this case without prejudice because Plaintiff failed to properly serve the defendants within ninety days of filing suit. FED. R. CIV. P. 4(m).

### III. CONCLUSION

The Court **RECOMMENDS** that this lawsuit be **DISMISSED WITH PREJUDICE** under Federal Rule of Civil Procedure 4(m).

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error.** *Ortiz v. San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on June 16, 2025, at Houston, Texas.

_____
**Dena Hanovice Palermo
United States Magistrate Judge**